IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES NAUGHTON, HM-1570,         )
    Petitioner,                  )
                                 )
    v.                           )   2:10-cv-719
                                 )
MICHAEL WENEROWICZ, et al.,      )
    Respondents.                 )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of James Naughton for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

James Naughton, an inmate at the State Correctional Institution at Graterford has presented a petition for a writ of habeas corpus.[1]

Naughton is presently serving a five to ten year sentence imposed following his plea of guilty to charges of involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, sexual offenses involving a minor and corruption of minors at No. 7535 of 2007 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed

---

[1] The petition was originally filed in the United States District Court for the Eastern District of Pennsylvania, and on May 21, 2010, transferred to this Court as the conviction challenged occurred in Allegheny County, Pennsylvania.

1

on April 4, 2008.[2]

Although the petitioner states in paragraph 8 of the petition that he filed an appeal, in reality he failed to do so, but on September 11, 2008, he filed a post-conviction petition.[3] That petition was withdrawn on June 29, 2009.[4] A notice of appeal was also filed in the Court of Common Pleas on June 23, 2009.[5]

The petitioner now comes before this Court seeking to challenge his conviction on the grounds that his plea was not knowingly and intelligently entered due to his marijuana intoxication and lack of sleep when he entered the plea.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that

---

[2] See: §§ 1-6 of the petition. The records of the Court of Common Pleas of Allegheny County at CP-02-CR-7535-2007 reflect that sentence was imposed on March 18, 2008. This public record is available on-line at the Pennsylvania Unified Judicial System website, http://ujsportal.pacourts.us

[3] See: Allegheny County docket at p.8. This conclusion also appears to comport with the petition which demonstrates that no appellate results were secured but that a post-conviction petition was filed.

[4] See: CP-02-CR-7535-2007 at p.10. This appears to comport with the petitioner's representation in § 12(d)(6).

[5] See: Id. At p.9. However, it is clear from the record that at the time the notice of appeal was filed there was no matter from which an appeal could be taken, and indeed that appeal was never docketed in the Superior Court due to the withdrawal of the post-conviction petition.

2

before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a

federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it is clear that the petitioner never presented the issue which he seeks to raise here to the appellate courts of the Commonwealth nor was he in any manner hindered in his attempts to do so. For this reason, he has failed to exhaust the remedies available to him in the Courts of the Commonwealth and his petition is therefore subject to dismissal here.

Accordingly, it is recommended that the petition of James Naughton for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Within fourteen (14) days after being served, any party may serve and file written objections to the Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | s/Robert C. Mitchell, |
| Entered: June 7, 2010 | United States Magistrate Judge |

4